FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 3 0 2019

JAMES W. McCORMACK, CLERK
By:
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DAVID SALMON, ANGELA LANDERS**
**and BILLY TATE, Each Individually and**
**on Behalf of All Others Similarly Situated**                    **PLAINTIFFS**

vs.                                    No. 4:19-cv-*768- BSM*

**XTO ENERGY, INC.**              This case assigned to District Judge *Miller*   **DEFENDANT**
                                  and to Magistrate Judge *Kay*

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiff David Salmon, Angela Landers and Billy Tate, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant XTO Energy, Inc. ("Defendant"), state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs David Salmon, Angela Landers and Billy Tate, each individually and on behalf of all operations managers employed by Defendant within a three-year period preceding the filing of this Complaint.

2.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs, and other hourly paid employees and salary plus overtime employees who were scheduled to work on call, lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.    This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.    The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.    Defendant does business in this District and a substantial part of the events alleged in this Complaint occurred in this District.

8.    The witnesses to the overtime wage violations alleged in the Complaint reside in this District.

## III.    THE PARTIES

9.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.    Plaintiff David Salmon is a citizen and resident of Faulkner County.

11.    Plaintiff Angela Landers is a citizen and resident of Faulkner County.

12.    Plaintiff Billy Tate is a citizen and resident of Cleburne County.

13.    Defendant is foreign, for-profit corporation, registered and licensed to do business in the State of Arkansas.

14.    Defendant's registered agent for service of process in Arkansas is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

15.    Defendant owns and operates a petroleum and natural gas production business.

16.    Defendant maintains a website at www.xtoenerygy.com.

## IV.    FACTUAL ALLEGATIONS

17.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

18.    During part of the three years prior to the filing of this lawsuit, Defendant had at least some employees work "on call", which meant Defendant's employees were required to be ready to work for Defendant outside of normal business hours off of Defendant's premises.

19.    From approximately June of 2010 until June 1, 2019, Salmon worked for Defendant as an operations supervisor.

20.    Defendant paid Salmon an hourly rate.

21.    Defendant required Salmon work "on call" during his employment.

22.    From approximately September of 2013 until approximately January 28, 2017, Landers worked for Defendant as a measurement technician.

23.    Defendant required Landers to work "on call" during her employment with Defendant.

24.    Defendant paid Landers a salary plus overtime.

25.    Defendant classified Landers as non-exempt from the overtime requirements of the FLSA and AMWA.

26.    From approximately February of 2011 until March of 2018, Tate worked for Defendant as a pipeline systems operator.

27.    Defendant paid Tate an hourly rate.

28.    Defendant required Tate to work "on call" during his employment.

29.    At all relevant times, Defendant directly hired Plaintiffs, controlled their work schedule, duties, protocols, applications, assignments and employment conditions and kept at least some records regarding their employment.

30.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

31.    During each of the three years preceding the filing of the Original Complaint, Defendant had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as goods or materials typically used in the gas production industry.

32.    During each of the three years preceding the filing of the Original Complaint, Defendant continuously employed at least four (4) employees.

33.     Plaintiffs were either paid an hourly rate or salary plus overtime and they were scheduled to work "on call" by Defendant.

34.     Similarly, Defendant required other employees to work "on call" during their employment with Defendant.

35.     Defendant required other hourly-paid employees to work "on call" during their employment.

36.     Defendant required other employees who were paid salary plus overtime to work "on call" during their employment.

37.     Plaintiffs and all others similarly situated worked more than forty (40) hours in most workweeks.

38.     Defendant routinely scheduled Plaintiffs and all others similarly situated to work more than forty (40) hours in a single workweek.

39.     Defendant had a practice of not paying Plaintiffs and all others similarly situated one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per workweek.

40.     For at least some of the weeks during each Plaintiff's tenure, each Plaintiff was scheduled to be "on call."

41.     While on call, Plaintiffs and other were required to perform various duties, including but not limited to, taking and making telephone calls, composing and receiving correspondence from other employees and Defendant's customers and performing computer work.

42.     Plaintiffs were not paid for all hours spent working while on call.

43.    At all relevant times, Defendant has deprived Plaintiffs and all others similarly situated a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

44.    Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and all others similarly situated violated the FLSA and the AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

45.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

46.    Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47.    Plaintiffs brings their FLSA claim on behalf of all other hourly paid employees and salary plus overtime employees who were scheduled to work on call and employed by Defendant at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

    A.    Payment for all hours worked, including payment of a lawful
           overtime premium for all hours worked for Defendant in excess of
           forty (40) hours in a workweek;
    B.    Liquidated damages; and
    C.    Attorneys' fees and costs.

48.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibit "A" their written Consent to Join this lawsuit.

49.    The relevant time period dates back three (3) years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

50.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were either paid hourly rates or a salary plus overtime;
B.    They were scheduled to work on call;
C.    They recorded their time in the same manner; and
D.    They were subject to Defendant's common practice not paying a lawful overtime premium for all hours worked over forty (40) hours per work week.

51.    Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 20 persons.

52.    Defendant can readily identify the members of the Section 16(b) Collective.  The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violations of the FLSA)

53.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

54.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA.

55.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

57.    29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.    Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

59.    Defendant's failure to pay Plaintiffs overtime wages owed was willful, intentional, unreasonable, arbitrary and in bad faith.

60.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the past three (3) years.

61.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

62.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

63.    Plaintiffs brings this collective action on behalf of all hourly paid employees and salary plus overtime employees who were scheduled to work on call employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

64.     Plaintiffs bring this action on behalf of themselves and all other hourly paid employees and salary plus overtime employees who were and/or are scheduled to work on call, who were and/or are affected by Defendant's willful violation of the FLSA.

65.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

66.     Like Plaintiffs, other hourly paid employees and salary plus overtime employees who were scheduled to work on call regularly worked more than forty (40) hours in a week.

67.     Defendant failed to pay these hourly paid employees and salary plus overtime employees who were scheduled to work on call at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

68.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All hourly-paid employees and employees who were paid
salary plus overtime and who were scheduled to work on call.**

69.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

70.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

71.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     THIRD CLAIM FOR RELIEF
### (Individual Claims for Violations of the AMWA)

72.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

73.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA.

74.     At all times relevant herein, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

75.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

76.     Defendant failed to pay Plaintiffs a proper overtime premium for all hours worked in excess of forty (40) hours in a week as required under the AMWA.

77.     Despite the entitlement of Plaintiffs to payment of lawful overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful overtime premium.

78.     Defendant's conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

79.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

80.    Alternatively, should the Court find the Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff David Salmon, Angela Landers and Billy Tate, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein and for the following relief:

A.    That Defendant be required to account to Plaintiffs, the collective and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.    A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

D.    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.    Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.;*

F.    Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G.    Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

H.    Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.    An order directing Defendant to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DAVID SALMON, ANGELA LANDERS and BILLY TATE, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DAVID SALMON, ANGELA LANDERS**                                    **PLAINTIFFS**
**and BILLY TATE, Each Individually and**
**on Behalf of All Others Similarly Situated**


VS.                                    No. 4:19-cv-*768-BSM*


**XTO ENERGY, INC.**                                                **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid employee and was scheduled to work on call for XTO Energy, Inc., during some of the three years prior to the filing of the Original Complaint in this case. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.


**DAVID SALMON**

Signed: October 30, 2019


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DAVID SALMON, ANGELA LANDERS**                                    **PLAINTIFFS**
**and BILLY TATE, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                                     No. 4:19-cv-*768-BSM*

**XTO ENERGY, INC.**                          ·                        **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a salaried plus overtime employee and was scheduled to work on call for XTO Energy, Inc., during some of the three years prior to the filing of the Original Complaint in this case. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_Angela Landers_
**ANGELA LANDERS**

Signed: October 30, 2019

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DAVID SALMON, ANGELA LANDERS**                                        **PLAINTIFFS**
**and BILLY TATE, Each Individually and**
**on Behalf of All Others Similarly Situated**


VS.                                    No. 4:19-cv-*768 BSM*


**XTO ENERGY, INC.**                                  ·                      **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid employee and was scheduled to work on call
for XTO Energy, Inc., during some of the three years prior to the filing of the Original
Complaint in this case. I understand this lawsuit is being brought under the Fair Labor
Standards Act for underlined unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to
be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this
action or adjudication by the Court.

*Billy Tate*

**BILLY TATE**

Signed: October 30, 2019


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**