**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DAVID SALMON, ANGELA LANDERS,**                                                    **PLAINTIFFS**
**BILLY TATE, AND PAULA BYRUM,**
**individually and on behalf of all others similarly situated**

v.                                      CASE NO. 4:19-CV-00768-BSM

**XTO ENERGY, INC.**                                                                      **DEFENDANT**

**ORDER**

Plaintiffs' motion for conditional certification, disclosure of contact information, and to send notices [Doc. No. 14] is denied without prejudice.

I. BACKGROUND

David Salmon, Angela Landers, Paula Byrum, and Billy Tate are suing XTO Energy under the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. section 11-4-201, *et seq.* ("AMWA"), for unpaid overtime compensation. They seek conditional certification of two collectives – one covering all hourly-paid employees who spent time working "on call" since October 30, 2016 and the other covering all salaried employees who spent time working "on call" since October 30, 2016. The facts are as follows.

XTO Energy owns and operates a petroleum and natural gas production business with multiple operating divisions throughout the United States. Second Am. Compl. ¶ 15; Def. Decl. 1 (Decl. of Joseph Kim Bell), ¶ 2. Salmon worked for XTO Energy as an hourly-paid operations supervisor from June 2010 until June 2019. Second Am. Compl. ¶ 22, 25.

Landers worked for XTO Energy as a salaried measurement technician from September 2013 until January 2018. *Id.* ¶ 31, 36. Byrum, who joined XTO Energy in April 2012, still works for the company in a salaried position as a measurement technician. *Id.* ¶ 32, 36. Tate worked for XTO Energy as an hourly-paid pipeline systems operator from February 2011 until March 2018. *Id.* ¶ 43, 46. All four of the named plaintiffs worked in Arkansas for XTO Energy's Mid-Continent operating division, which is headquartered in Oklahoma City, and covers Arkansas, Oklahoma, and parts of Kansas and Texas. Def. Decl 1 ¶ 3, 8, 16, 20.

Salmon, Landers, Byrum, and Tate allege that XTO Energy scheduled each of them and other employees to work on call at least one week per month, and that XTO Energy had a practice of not paying them overtime for all the hours they worked in excess of forty hours per week while on call. *Id.* ¶¶ 56–69. Plaintiffs allege that XTO Energy required that they and other employees, while on call, perform various duties from the locations where they were on call, usually their homes. *Id.* ¶ 71. These duties included taking and making telephone calls, composing and receiving correspondence from customers and fellow employees of XTO Energy, and performing computer work. *Id.* Plaintiffs allege that XTO Energy only paid its employees who were on call for work they performed in the field, but did not pay them for the work they performed at home while on call. *Id.* ¶¶ 72–77.

## II. LEGAL STANDARD

FLSA plaintiffs suing on behalf of a similarly situated class must utilize 29 U.S.C. section 216(b)'s opt-in mechanism instead of Federal Rule of Civil Procedure 23's opt-out mechanism. *Butcher v. Delta Mem'l Hosp.*, 2013 WL 1668998, at *1 (E.D. Ark. Apr. 17,

2013). District courts may authorize sending notice to potential members of a collective action as long as it avoids endorsing the merits of the case. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

A two-step approach is used to determine whether certification is proper. *Cruthis v. Vision's*, 2013 WL 4028523, at *1 (E.D. Ark. Aug. 7, 2013). In the first step, the court determines whether notice of the case should be given to potential plaintiffs. *Collins v. Barney's Barn, Inc.*, 2013 WL 1668984, at *2 (E.D. Ark. Apr. 17, 2013). This determination is based on pleadings and affidavits. *Id.* The standard is fairly lenient and typically results in conditional certification because the court has little information upon which to rely. *Id.* In the second step, which begins after discovery is largely completed, the defendant may move for decertification by showing that the class members are not similarly situated. *Id.*

### III. DISCUSSION

A. <u>FLSA Conditional Certification</u>

Plaintiffs' request for conditional certification is denied because their allegations do not sufficiently demonstrate the existence of a class of similarly situated individuals subject to a common employment policy or plan.

Plaintiffs allege that regardless of position or pay scheme, they and other employees were required to spend at least one week of every month working on call. Decl. Salmon ¶ 7, Doc. No. 14-7; Decl. Tate ¶ 7, Doc. No. 14-9. Salmon, Landers, and Tate each state in respective declarations that XTO Energy "had a standard practice of not paying me or the collective members for all overtime hours worked in weeks in which we were scheduled to

work 'on call.'" Decl. Salmon ¶ 15; Decl. Landers ¶ 16, Doc. No. 14-8; Decl. Tate ¶ 15. They each further state that, based on their observations and interactions, they know of "at least twenty (20) other potential" employees who were scheduled to work on call since October 30, 2016.  Decl. Salmon ¶ 17; Decl. Landers ¶ 18; Decl. Tate ¶ 17.  Plaintiffs aver that the declarations filed by Salmon, Landers, and Tate are more than adequate to show the existence of a companywide policy at XTO Energy that violated the FLSA.  Reply Mot. Conditional Certification at 2, Doc. No. 38.

XTO Energy contends that conditional class certification is inappropriate because plaintiffs have failed to establish that they are similar situated and because a collective action would require an overly burdensome employee-specific inquiry on the issues of liability and damages.  Resp. Mot. Conditional Certification at 16–17, 19, 22–24, Doc. 36.  According to XTO Energy, the four named plaintiffs did not share the same position or job duties, were not paid in the same manner, and were subject to different types of on call schedules.  *Id.* at 6–11.  Moreover, XTO Energy argues that it did not have a companywide policy for on call shifts, claiming that operations superintendents in each specific geographic operating area were responsible for developing procedures and requirements for on call shifts.  Def. Decl 1 ¶ 11.  XTO Energy attacks the plaintiffs' proposed collectives as "bloated nationwide all-encompassing" collectives that seek to include every XTO employee, regardless of their FLSA exemption status, who held any job position in any area of business operations with any type of on call schedule in any location across the United States.  Resp. Mot. Conditional Certification at 14.  XTO Energy argues that the key facts will be anything but common for

members of these two proposed collectives, and as a result the court would have to conduct a highly fact-intensive inquiry for each member employee, which would be a waste of the court's time because the collectives are likely to be decertified upon completion of discovery. *Id.* at 24–25.

In deciding whether to grant conditional certification, courts may consider the following factors: (1) whether the plaintiffs all held the same job titles; (2) whether the plaintiffs worked in different geographical locations; (3) the extent to which the claimed wage and hour violations occurred during different time periods and by different decision makers; and (4) whether the plaintiffs all alleged similar, though not identical, wage and hour violations. *See McChesney v. Holtger Bros.*, No. 4:17-CV-00824-KGB, 2019 WL 118408, at *2 (E.D. Ark. Jan. 7, 2019).

It is undisputed that the named plaintiffs held different job titles and that the two proposed collectives encompassed all hourly or salaried employees who had been scheduled for on-call shifts since October 30, 2016. All four named plaintiffs worked for XTO Energy in Arkansas; however, both proposed collectives are nationwide, and would likely include opt-ins from XTO employees in upwards of a dozen states. *See West v. Border Foods, Inc.*, 2006 WL 1892527 at *6 (D. Minn. July 10, 2006) (a showing that six of the potential class of approximately 240 shift managers employed at defendants' restaurants were allegedly required to work off-the-clock was too limited a sampling of employees to support plaintiffs' assertion of widespread violations resulting from a common plan or policy). Plaintiffs claim that XTO employees nationwide were subject to a uniform policy with respect to on-call

shifts, but they offer no evidence for that aside from a conclusory statement in the affidavits submitted by Salmon, Landers, and Tate that XTO Energy "had a standard practice of not paying me or the collective members for all overtime hours worked." *See Sisson v. Salvation Army*, No. 6:14-CV-6090, 2015 WL 13358294, at *3 (W.D. Ark. July 7, 2015) (denying motion for conditional certification because identically worded affidavits were speculative as to whether the plaintiff "had regular contact" with others employees across a whole region of the United States). Plaintiffs have each alleged similar wage and hour violations, stemming from the alleged non-payment of overtime compensation for offsite work they performed during on call shifts.

Plaintiffs have submitted only minimal evidence that there was a nationwide class of XTO employees subject to a common employment policy or plan. Plaintiffs have proffered sufficient evidence to support conditional certification for an Arkansas class of XTO employees, and arguably a class within the footprint of XTO's Mid-Continent operating division as well, but plaintiffs have plainly failed to show that XTO Energy had a common nationwide policy for on call shifts. *See Freeman v. Wal-Mart Stores*, 256 F. Supp.2d at 944–45 (2003) ("unsupported assertions of widespread violations are not sufficient" to grant a motion to certify a collective action"); *McClendon v. Schlumberger Technology Corp.*, Case No. 4:15-CV-00752-JLH, 2016 WL 3911897, at *1 (W.D. Ark. July 15, 2016) (although plaintiffs do not need to provide evidence showing unlawful practices at each and every one of a defendant's locations, they nonetheless must put forth some evidence that employees outside of their job location are similarly situated to them).

Additionally, the two collectives that plaintiffs have put forth for conditional certification are overly broad. Plaintiffs seem to be arguing that all hourly and salaried XTO Energy employees are similarly situated regardless of the nature of their duties or positions, with the rather cursory limitation that the employees must have had periodic on call shifts. *Freeman*, 256 F.Supp.2d. at 945. The logical conclusion of this argument is that all employees of a given company are similarly situated simply because they claim violations of the FLSA by that company. *Id.* Furthermore, it is problematic that plaintiffs would seek to certify classes containing employees who are exempt from FLSA overtime requirements. It is not the duty of this court, nor the duty of XTO Energy, to sift through the employment records of all XTO employees to determine who among them are not exempt under the FLSA. *See Smart v. City of Hughes, Arkansas*, No. 2:19-CV-00047-KGB, 2020 WL 3451656, at * 3 (E.D. Ark. June 24, 2020).

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for conditional certification, disclosure of contact information, and to send notices [Doc. No. 14] is denied.

IT IS SO ORDERED this 29th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE