IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAVID SALMON, ANGELA LANDERS,                          PLAINTIFFS
BILLY TATE and PAULA BYRUM, Each Individually
and on Behalf of All Others Similarly Situated

VS.                              NO. 4:19-CV-768 BSM

XTO ENERGY, INC.                                       DEFENDANT

## DEFENDANT'S RESPONSE
## TO MOTION FOR COSTS AND ATTORNEYS' FEES

### I. INTRODUCTION
### AND DISCUSSION OF RELEVANT FACTS

On October 30, 2019, Plaintiffs filed their Original Complaint—Collective Action (the "Original Complaint") alleging that Defendant XTO Energy Inc. ("XTO") violated the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA) by not paying them and other similarly situated individuals overtime for certain work performed while on-call. ECF Doc. 1. The Parties reached a liability settlement on January 13, 2023, and the Court approved the settlement on March 10, 2023. ECF Doc. 116 (dismissing the case with prejudice and retaining jurisdiction to decide the issue of attorneys' fees and costs).

Plaintiffs now ask the Court for a total award of costs and attorneys' fees in the amount of $63,747.06. ECF Doc. 118. Given the unreasonable hourly rates requested and numerous other issues surrounding the fees/costs billed by Plaintiffs'

counsel, Sanford Law Firm (SLF), as well as Plaintiffs' limited success in this case, the Court should significantly reduce any award of fees and costs.

### A. **Plaintiffs' multiple attempts to adequately plead their claims**.

XTO moved to dismiss Plaintiffs' Original Complaint because it failed to assert any facts leading to plausible claims under the FLSA or the AMWA, whether on an individual or collective basis; alternatively, XTO moved to strike Plaintiffs' proposed definition of the collective, which did not give XTO fair notice of who might be part of the collective. ECF Doc. 3. In response, Plaintiffs filed a First Amended and Substituted Complaint—Collective Action (the "First Amended Complaint") demanding certification of the same ill-defined collective proposed in their Original Complaint. ECF Doc. 8, ¶ 95. XTO subsequently filed a second motion to dismiss or strike, limited to the collective allegations and overbroad collective definition in Plaintiffs' First Amended Complaint. ECF Doc. 10.

On January 7, 2020, before the Court ruled on XTO's second motion to dismiss or strike, Plaintiffs filed a motion for conditional certification, for disclosure of contact information, and to send notices (the "motion for conditional certification") in which they sought certification of two proposed nationwide collectives—one covering "[a]ll hourly-paid employees who spent time working 'on call,'" and the other covering "[a]ll salaried employees who spent time working 'on call.'" ECF Doc. 14, ¶ 3. For efficiency purposes, XTO moved to stay briefing on Plaintiffs' motion for conditional certification until the Court ruled on XTO's pending motion to dismiss or strike; the Court granted XTO's motion on February 7, 2020. *See* ECF Docs. 16 and 20.

On February 11, 2020, Plaintiffs filed a Second Amended and Substituted Complaint—Collective Action (the "Second Amended Complaint"), claiming to have clarified "the facts and circumstances" surrounding the alleged FLSA and AMWA violations and adding individual Equal Pay Act (EPA) claims for Named Plaintiff Angela Landers and newly-added Named Plaintiff Paula Byrum.[1] *See* ECF Doc. 21, ¶¶ 3-4. Plaintiffs' Second Amended Complaint demanded certification of the same two expansive collectives proposed in their motion for conditional certification. *Id.* ¶ 101.

XTO filed a motion to dismiss or strike the collective action allegations in Plaintiffs' Second Amended Complaint based on their continued deficiencies. ECF Doc. 23. The Court denied XTO's motion on July 6, 2020, and lifted the stay of Plaintiffs' motion for conditional certification. ECF Doc. 31.

## B. **Plaintiffs' unsuccessful motion for conditional certification and EPA claims.**

On September 29, 2020, the Court denied Plaintiffs' motion for conditional certification. ECF Doc. 40. The Court concluded that Plaintiffs had failed to present any evidence of a uniform on-call policy aside from a single conclusory statement in the affidavits submitted by three Named Plaintiffs. *Id.* at 5-6. The Court further found that Plaintiffs' two proposed nationwide collectives were overly broad and ultimately determined that Plaintiffs' "allegations failed to sufficiently demonstrate

---

[1] Plaintiffs filed a response to XTO's second motion to dismiss or strike on December 30, 2019. ECF Doc. 12. The Court construed that response as a motion for leave to file a second amended complaint and granted Plaintiffs' request on February 4, 2020. ECF Doc. 19.

3

the existence of a class of similarly situated individuals subject to a common employment policy or plan." *Id.* at 3.

On October 16, 2020, Plaintiffs filed a second motion for conditional certification seeking to conditionally certify a proposed collective of "[a]ll overtime-eligible employees who spent time working 'on call'" within a four-state operating division of XTO's. ECF Doc. 42, ¶ 4. Plaintiffs' second motion for conditional certification was granted in part—the Court limited the scope of their proposed collective to the Heber Springs-Clinton, Arkansas operating area in which Named Plaintiffs worked. ECF Doc. 76. Five Opt-In Plaintiffs ultimately filed consent to join forms in this action, including two with time-barred claims.[2] *See* ECF Docs. 41 and 88–91.

Plaintiffs' EPA claims were dismissed on summary judgment on March 28, 2022. ECF Doc. 83.[3]

## C. **Plaintiffs' minimal discovery and straightforward motion practice**.

Plaintiffs propounded a set of written interrogatories and requests for production of documents on XTO. Plaintiffs did not take any depositions. The four Named Plaintiffs each responded to one set of XTO's written discovery requests and appeared for a virtual deposition.

---

[2] Plaintiffs conceded in their response to XTO's motion for partial summary judgment that the two Opt-In Plaintiffs' claims were time-barred. *See* ECF Docs. 92 and 101.

[3] XTO moved for summary judgment on all of Plaintiffs' claims, including their inability to establish any alleged damages under the FLSA/AMWA. ECF Doc. 51. The Court denied summary judgment on Plaintiffs' FLSA and AMWA claims. ECF. Doc. 83.

2864512-v1

Plaintiffs did not file any substantive motions other than their failed first motion for conditional certification and partially successful second motion for conditional certification. The pretrial pleadings filed by Plaintiffs in advance of the bench trial rescheduled for the week of January 30, 2023, were essentially identical to their previously filed pretrial pleadings.[4] *See* ECF Docs. 62 and 67-68; ECF Docs. 100, 105 and 107 (references to EPA claims removed and two Opt-In Plaintiffs added).

**D. Plaintiffs' limited success.**

Plaintiffs ultimately received 10% of the relief they sought in this case:

| PLAINTIFF | RELIEF SOUGHT | SETTLEMENT AMOUNT |
|---|---|---|
| David Salmon | $231,764.56 | $17,824.21 |
| Billy Tate | $29,067.30 | $13,955.89 |
| Angela Landers | $8,115,45 | $2,482.84 |
| Paula Byrum | $151,689.94 | $5,637.18 |
| Henry Salmon | $10,476.63 | $3,810.92 |
| Jeff Morea | $36,686.56 | $3,025.85 |
| Lionel Goode | $50,029.96 | $5,263.12 |
| | **$517,874.95** | **$52,000.00** |

*See* ECF Docs. 68 at 13, 107 at 15, and 114-1 at 9.

**E. SLF's unreasonable hourly rates, time expended, and costs.**

SLF seeks $63,015.00 in fees for seven timekeepers based on the following rates, hours, and work performed:

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| **Colby Qualls** | $150.00 | 109.40 | $16,410.00 |
| **Josh Sanford** | $383.00 | 27.50 | $10,532.50 |
| **Law Clerk** | $75.00 | 6.70 | $502.50 |

---

[4] This case was originally scheduled for a bench trial during the week of July 12, 2021. ECF Doc. 46.

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| Paralegal | $100.00 | 41.50 | $4,150.00 |
| Rebecca Matlock | $250.00 | 13.60 | $3,400.00 |
| Tess Bradford | $175.00 | 40.80 | $7,140.00 |
| Vanessa Kinney | $300.00 | 69.60 | $20,880.00 |
| Grand Total | | 309.10 | $63,015.00 |

| Category | Time Claimed | Value Claimed |
|---|---|---|
| Amended Complaint | 2.60 | $559.00 |
| Case Management | 6.90 | $1,652.40 |
| Client Communication | 36.30 | $5,727.10 |
| Collective Management | 2.80 | $442.40 |
| Complaint/Summons/Service | 4.20 | $859.80 |
| Conditional Certification | 21.30 | $4,633.10 |
| Damages | 9.00 | $1,373.30 |
| Decertification | 24.30 | $7,140.00 |
| Deposition Related | 14.90 | $2,238.30 |
| Discovery Related | 37.30 | $4,375.00 |
| Fee Petition | 7.90 | $2,370.00 |
| In House Communication | 28.60 | $6,071.90 |
| Motion in Limine | 2.40 | $429.90 |
| Motions to Dismiss | 9.80 | $2,566.70 |
| MPSJ | 7.30 | $1,895.00 |
| Opposing Counsel Communication | 12.20 | $3,059.10 |
| Settlement Related | 2.70 | $534.80 |
| Summary Judgment | 46.20 | $12,462.60 |
| Trial Preparation | 32.40 | $4,624.60 |
| Grand Total | 309.10 | $63,015.00 |

*See* ECF Docs. 118-1 and 118-2, ¶¶ 18, 33.

SLF's request for $732.06 in costs includes a $50.00 private service fee. ECF Doc. 118-3.

## II. ARGUMENT

In determining a fee award, the district court must first calculate the lodestar by multiplying the hours an attorney should reasonably have expended on the case by the prevailing hourly rate. *See Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021) (hours not reasonably expended should be excluded from calculations); *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001) ('A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated."). Next, the district court should reduce the lodestar "'if a plaintiff does not obtain all the relief … sought'" and based on other appropriate case-specific factors.[5] *Id.* (alteration in the original); *see also Hensley v. Eckerhart*, 461 U.S. 424, 430, n.3 (1983) (citing *Johnson v. Georgia Hwy. Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir. 1974)).

Because the degree of success obtained is "the most critical factor" in determining the reasonableness of a fee award, the district court should not overlook the question of

> whether the requested fee award when based upon hours allegedly expended exceeds the amount that could ever be reasonable for a case of this nature. This question is relevant because attorneys should not be permitted to run up bills that are greatly disproportionate to the ultimate benefits that may be reasonably attainable.

---

[5] Voluntary reductions should not be considered in the lodestar calculation because SLF has a duty to "make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary." *Oden v. Shane Smith Enters., Inc.*, 27 F.4th 631, 634 (8th Cir. 2022); *see also Clark v. Pollo, LLC*, No. 4:20-CV-01100-LPR, 2023 WL 2692425, at *1, n.16 (E.D. Ark. Mar. 29, 2023) ("SLF's self-imposed reductions have no bearing on the Court's calculation of an appropriate attorneys' fee award in this case."); *Rorie v. WSP2, LLC*, No. CV 20-5106, 2021 WL 4900992, at *3 (W.D. Ark. Oct. 20, 2021) ("[L]awyers are not entitled to grace or extra credit for exercising professional ethics.").

*Gumbhir v. Curators of Univ. of Missouri,* 157 F.3d 1141, 1146 (8th Cir. 1998) (citation and internal quotations omitted).

Ultimately, "[f]ee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims." *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989).

A. **The Court should reduce SLF's proposed unreasonable hourly rates to the prevailing market rates.**

SLF attempts to rely on national averages in seeking inflated hourly rates of $383 for Josh Sanford, $300 for Vanessa Kinney, $250 for Rebecca Matlock, $175 for Tess Bradford, $150 for Colby Qualls, $100 for paralegals and $75 for law clerks. ECF Docs. 118-1 and 119 at 15. This is contrary to Eighth Circuit precedent. *See Emery*, 272 F.3d at 1048; *see also Smiley v. Little Rock Donuts, LLC,* No. 4:20-CV-00102-JM, 2021 WL 4302219, at *3 (E.D. Ark. Sept. 21, 2021) ("FLSA litigation does not warrant a national rate."). Moreover, "[j]udges in the Eastern and Western Districts of Arkansas routinely reject as unreasonable hourly rates of $300+ for Mr. Sanford and $200+ for more junior attorneys." *Clark*, No. 4:20-CV-01100-LPR, 2023 WL 2692425, at *3 (collecting cases); *see also Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 432 (8th Cir. 2021) (stating that the district court should apply its familiarity with the local bar to calculate reasonable rates); *Wright v. Tyler Techs., Inc.*, No. 4:20-CV-00454 KGB, 2021 WL 4255287, at *2 (E.D. Ark. Sept. 17, 2021) (observing that Eastern and Western District judges have repeatedly rejected a $325 hourly rate for Mr. Sanford).

Based on the prevailing market rates and the precedent of judges in both the Eastern and Western Districts of Arkansas, the maximum reasonable hourly rates

for the work performed in Plaintiffs' case are $250 for Mr. Sanford, $175 for Ms. Kinney, $150 for Ms. Matlock, $140 for Ms. Bradford, $125 for Mr. Qualls and $25 for law clerks.[6] *See Clark*, No. 4:20-CV-01100-LPR, 2023 WL 2692425, at *3 (finding the same rates for the same SLF attorneys and law clerks to be reasonable)*; see also Burton*, 20 F.4th at 432 (affirming hourly rates set by the district court of $250 for Mr. Sanford and $25 for law clerks); *Gutierrez v. 1873 Club of Texarkana*, No. 4:20-CV-4108, 2022 WL 2911691, at *2 (W.D. Ark. July 22, 2022) (assessing reasonable hourly rates of $250 for Mr. Sanford, $175 for Ms. Kinney, and $25 for law clerks).

B. **The Court should reduce the lodestar because SLF's total hours requested are excessive and disproportionate to the complexity and needs of this case.**

SLF claims that it is entitled to fees for 309.10 hours of work performed by five attorneys, a paralegal, and a law clerk. ECF Doc. 118-2, ¶ 33. As the Eighth Circuit recently noted, "SLF continues to submit excessive fee requests despite warnings from several courts." *Skender v. Eden Isle Corp.*, 33 F.4th 515, 523 (8th Cir. 2022); *Burton*, 20 F.4th at 432 ("Arkansas district courts have chastised SLF, and this managing partner in particular, for overbilling on straightforward FLSA cases."). This case is no exception. The Billing Spreadsheet submitted in support of SLF's fee request highlights SLF's pattern of overstaffing cases, spending too much time on form motions and briefs, and accruing unwarranted and excessive attorneys' fees with in house conferences and intra-firm correspondence. *See Skender*, 33 F.4th at 522 ("We acknowledged as much just a few months ago in the context of stating that

---

[6] XTO has no objection to SLF's requested $100 hourly rate for paralegals.

SLF had 'routinely abused' the FLSA's attorneys'-fee provision.") (quoting *Oden*, 27 F.4th at 632)).

Discussed below are multiple (non-exhaustive) examples of hours not reasonably expended by SLF that warrant reduction of the lodestar calculation.

### 1. *Amended Complaint and Motions to Dismiss*

The 2.60 hours billed for "Amended Complaint" should be excluded from the lodestar calculation. ECF Doc. 118-2, ¶ 33. "[I]t is not reasonable for a firm like SLF, which specializes in FLSA and AMWA litigation, to need more than one attempt to adequately plead a plaintiff's claims. Only time spent on one complaint is reasonable." *Harrison v. Hog Taxi, LLC*, No. 5:19-CV-5025, 2020 WL 7427217, at *2 (W.D. Ark. Dec. 18, 2020). In addition, the First Amended Complaint was amended in part to add an EPA claim, which ultimately failed to survive summary judgment. *See Hensley*, 461 U.S. at 436-37 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success."); *Jones v. RK Enterprises of Blytheville, Inc.*, No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *4 (E.D. Ark. Mar. 21, 2016), *aff'd*, 672 F. App'x 613 (8th Cir. 2016) (reducing time spent by SLF on an unsuccessful motion for default judgment).

SLF billed 9.80 hours for "Motions to Dismiss." ECF Doc. 118-2, ¶ 33. This time is excessive and should be reduced because it is unreasonable for XTO to bear the cost of SLF's failure to adequately plead their clients' claims. In addition, Plaintiffs' two responses to XTO's motions to dismiss or strike were substantively similar and were

10

repurposed from other wage and hour cases with the exception of a few minor case-specific edits. *See* ECF Docs. 12 and 28.

### 2.  *Case Management and In House Communication*

SLF claims 6.90 hours (including 2.80 hours billed by Mr. Sanford) related to "Case Management." ECF Doc. 118-2, ¶ 33. These hours generally include time spent reviewing deadlines and examining court orders, CM/ECF notifications, and filings by other SLF attorneys. *See* ECF Doc. 118-1. For example, Mr. Sanford billed 0.70 hours for communications with Court staff, but his remaining 2.10 hours of "Case Management" time were spent on matters such as "Receive and open firm file," "Examination of cor disclosure," "Examination of text order," "Examination of clerk's notice," "Examination of NOA– CQ" and "Examination of order." *See id.* (entries 6, 101, 394, 412, 1158, 1429).

Because the vast majority of SLF's "Case Management" time entries are administrative in nature and duplicative of work already billed by another attorney in the case, they should not be included in the lodestar calculation. *See, e.g., Wolfe v. Affordable Rooter Serv., LLC*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *5 (E.D. Ark. Mar. 30, 2022) (excluding from the lodestar all "Case Management" hours billed by SLF, which were duplicative, clerical, and part of the firm's overhead); *Gutierrez*, No. 4:20-CV-4108, 2022 WL 2911691, at *4 ("Defendants do not have to pay for Plaintiff's attorneys reading filings created by their co-counsel."); *Rorie*, No. CV 20-5106, 2021 WL 4900992, at *4 (criticizing SLF's continued practice of billing for "examining" documents and excluding the same).

11

SLF requests 28.60 hours for "In House Communication" between seven timekeepers. ECF Doc. 118-2, ¶ 33. Initially, it was unreasonable to staff this routine wage and hour case—in which SLF did not take a single deposition—with five attorneys, a paralegal, and a law clerk. *See, e.g., Thomas v. Viskase Companies, Inc.*, No. 3:19-CV-330-DPM, 2022 WL 1477435, at *1 (E.D. Ark. May 10, 2022) (five lawyers, a law clerk, and a paralegal were excessive in FLSA case with two groups of plaintiffs that was "litigated hard on almost all issues for nearly two and a half years"); *Bryan v. Mississippi Cnty., Arkansas*, No. 3:18-CV-130-DPM, 2020 WL 9048650, at *1 (E.D. Ark. May 12, 2020) (six lawyers and a law clerk were excessive in FLSA case involving approximately 12 plaintiffs and a lengthier procedural history); *Hale v. Belmont Mgmt. Co., Inc.*, No. 2:21-CV-02094, 2022 WL 2833983, at *3 (W.D. Ark. July 20, 2022) (five attorneys were "'unnecessary and unreasonable'" given the ligating attorneys' ability to handle the case) (quoting *Burton*, 20 F.4th at 432)).

The sheer number of total time entries in SLF's Billing Spreadsheet reveals the extent and consequences of SLF's overstaffing. *See* ECF Doc. 118-1. Among the 225+ "In House Communication" entries, there are repeated instances of more than one timekeeper billing for the preparation, revision and/or examination of the same document, court order, or CM/ECF notification. *See id.* 118-1 (*e.g.,* entries 81 and 82, 130 and 132, 227 and 228, 367 and 368, 412 and 417, etc.). There are also an exorbitant number of entries for time spent on in house conferences/intra-firm communication and on the preparation, drafting, or examination of intra-office

12

memos—oftentimes with vague or non-existent descriptions. *See id.* (*e.g.,* 4.40 hours of Mr. Qualls' 13.90 total "In House Communication" hours are supported by meaningless descriptions such as "Conference with JS via email," "Conference with SR," "Conference with Marley," etc.).

Finally, the Billing Spreadsheet confirms that Mr. Sanford, who seeks 27.50 total hours for time expended on this case, "unnecessarily managed numerous aspects of this case." *Dean v. Bradford Ests., LLC*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *3 (E.D. Ark. Nov. 24, 2020) ("SLF has every right to take a collaborative approach to its practice and focus on mentoring its less experienced lawyers; however, a senior partner spending 14.3 hours on a straightforward FLSA case is excessive.") (citation omitted); *see also Gutierrez*, No. 4:20-CV-4108, 2022 WL 2911691, at *3 ("Nothing stops Mr. Sanford from personally overseeing the work done by a specialist attorney at his firm, but Defendant[ ] do[es] not have to pay for it.").

"Clients don't pay extra for staff work or excessive oversight, so fees for these types of matters will not be awarded." *Thomas*, No. 3:19-CV-330-DPM, 2022 WL 1477435, at *1. In addition to the discrete reductions discussed in this section, an across-the-board reduction is reasonable in this case "to account for overstaffing, duplicated effort, and inefficiencies." *Id.* (applying global 25% reduction after adjusting SLF's proposed hourly rates to current market rates); *see also Wolfe, LLC*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *5 (reducing "In-House Communication" time by 75% was the "best way to account for the inefficient use of time as a result of overstaffing"); *Hale*, No. 2:21-CV-02094, 2022 WL 2833983, at *3

13

(excluding all time expended to "In House Communication," which appeared to be "entirely directed toward padding the hours that would be submitted to the Court in support of a fee request").

### 3. Client Communication

SLF seeks a total of 36.30 hours for "Client Communication." ECF Doc. 118-2, ¶ 33. Of the 185 total time entries, 49 entries (or 12.40 hours) are redacted, making it impossible for the Court to determine whether the time expended was reasonable. *See* ECF Doc. 118-1. And most of the remaining 136 entries are too vague to show that they were necessary because the descriptions merely state that an SLF attorney/paralegal communicated with a client and otherwise provide no information as to the content of those communications. *See id.* Such entries require reductions of the lodestar. *See Mitchell, et al. v. Brown's Moving & Storage, Inc.*, No. 4:19-CV-783-LPR, 2023 WL 2715027 (E.D. Ark. Mar. 29, 2023) (excluding all "Client Communication" time entries that were too vague to evaluate).

With respect to Mr. Sanford, his time billed for "examination of" client emails (0.30 hours total) is not reasonable and should also be excluded from the lodestar calculation.[7] *See Dean*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *4 (reducing the 1.7 hours that Mr. Sanford billed for examining emails, memos, and other documents to 0.3 hours); *Gutierrez* No. 4:20-CV-4108, 2022 WL 2911691, at *4

---

[7] Mr. Sanford's "Client Communication" time entries include a 0.10 billed for "Examination of CCR email" on January 22, 2021. ECF Doc. 118-1 (entry 809). Numerous other time entries in the Billing Spreadsheet also contain unexplained acronyms. Because it is not possible for the Court to evaluate the reasonableness of such entries, they should all be excluded from the lodestar. *See Gutierrez*, No. 4:20-CV-4108, 2022 WL 2911691, at *5 (finding all billing entries involving unexplained acronyms to be unnecessary and cutting all time related to them).

2864512-v1

("Billing for 'examination' of a document is too vague for the Court to tell whether the action was necessary.").

### 4. Complaint/Summons/Service

SLF claims 4.20 hours related to the Original Complaint, which is substantially similar to the FLSA/AMWA complaints regularly filed by SLF in other wage and hour litigation. *See* ECF Docs. 1 and 118-2, ¶ 33. "Because the [Original Complaint] contains much of the same boilerplate language that SLF uses in other complaints, the time claimed is simply too much." *Dean, LLC*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *3 (finding 5.7 billable hours for preparation of the complaint to be unreasonable and reducing total time to 2.3 hours); *see also Wolfe v. Affordable Rooter Serv., LLC*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *4 (reducing 4.40 billed hours for work on the repurposed complaint to 2.90 hours); *Jones*, No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *3 (noting that, "although the form complaint is the product of counsel's expertise and experience," the 3 hours sought by SLF for tailoring the form was "too much") (internal quotations and citations omitted).

### 5. Conditional Certification, Decertification, and Fee Petition

SLF seeks a total of 21.30 hours for time expended on Plaintiffs' first and second motions for conditional certification. ECF Doc. 118-2, ¶ 33. As a preliminary matter, SLF is not entitled to the 13.10 hours billed in connection with the first motion for conditional certification because that motion was unsuccessful. *See* ECF Docs 40 and 118-1; *see also Wright*, No. 4:20-CV-00454 KGB, 2021 WL 4255287, at *4

15

(concluding that the time spent by plaintiffs' counsel on an unsuccessful venue issue was unreasonable and reducing the fee award by the same); *Jones*, No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *4.

As for the partially successful second motion for conditional certification, SLF billed 4.10 hours for "Conditional Certification" work between September 29, 2020 (first motion for conditional certification denial date) and November 3, 2020 (reply filing date). ECF Doc. 118-1. This time is excessive considering that—aside from the addition of an introductory paragraph and a new proposed collective definition (which the Court eventually narrowed)—Plaintiffs' two motions for conditional certification and their accompanying briefs were essentially identical. *See* ECF Docs. 14, 15, 42 and 43. In fact, the same three Named Plaintiffs' declarations (executed on January 2, 2020) were resubmitted with the second motion for conditional certification filed on October 16, 2020. *See* ECF Docs. 14-7, 14-8, 14-9, 42-7, 42-8 and 42-9.

Similarly, the 24.30 billed hours for "Decertification" are unreasonable (especially considering there were only three Opt-In Plaintiffs), and the 7.90 billed hours for "Fee Petition" are unnecessarily high. *See* ECF Docs. 118-1 (entry 1603 description recognizes the "small class") and 118-2, ¶ 33. Both the decertification response and the fee petition brief are largely form filings that SLF may easily use in any wage and hour litigation with minor modifications. *See Carden v. Logan Centers, Inc.*, No. 3:19-CV-167-DPM, 2022 WL 4537871, at *1 (E.D. Ark. Sept. 28, 2022) (applying 25% reduction in FLSA case where SLF "spent too much time drafting and editing rather formulaic, plug-it-in type filings—such as the complaint, the

16

conditional certification motion, and the fee petition"). Additionally, "a significant part of the [fee petition] brief is an exercise in justifying SLF's past billing practices," and XTO "should not have to bear the costs of SLF contextualizing its history of questionable billing practices and explaining why this time is different."[8] *Dean*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *4 (finding 9.5 hours to be excessive and reducing time for preparing the fee petition to 3.1 hours) (citation omitted).

Ultimately, "[t]he sheer number of FLSA cases litigated by SLF means that drafting these documents should have taken much less time than the amount billed." *Wolfe*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *4.

### 6. *Discovery Related*

SLF requests a total of 37.20 hours for "Discovery Related" work, including 27.20 hours expended on the preparation of Named Plaintiffs' answers and responses to XTO's written discovery requests. *See* ECF Docs. 118-1 and 118-2, ¶ 33. This time is excessive considering that each Named Plaintiff's written discovery responses contained much of the same boilerplate language used by SLF in other wage and hour cases and that Named Plaintiffs produced fewer than 150 documents in discovery.

### 7. *Summary Judgment*

SLF seeks 46.20 hours for preparing Plaintiffs' response to XTO's motion for summary judgment. ECF Doc. 118-2, ¶ 33. "SLF has extensive experience litigating

---

[8] At a minimum, SLFs total "Fee Petition" time should be reduced by the 5.50 hours that Ms. Kenney billed for downloading and formatting the billing spreadsheet and for categorizing and redacting billing entries—such non-legal clerical work cannot be passed onto XTO. *See Wolfe*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *4 (noting that SLF must bear the cost of such time and finding 3 hours for "Fee Petition" to be reasonable); *Gutierrez*, No. 4:20-CV-4108, 2022 WL 2911691, at *8 (subtracting FLSA billing spreadsheet-related hours from Ms. Kinney's total).

FLSA cases and preparing related pleadings and motions." *Wolfe*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *4. Given such experience, the 46.20 hours billed for responding to a straightforward motion for summary judgment addressing the burden of proof under the FLSA are excessive[9]—especially since most of the response is a recitation of the law and case precedent that SLF has used in prior summary judgment responses. *See Dean*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *4.

### 8. *Trial Preparation*

SLF requests 32.40 hours for "Trial Preparation." ECF Doc. 118-2, ¶ 33. In addition to the various billing issues discussed above, SLF's "Trial Preparation" time shows that a law clerk spent a total of 6.60 hours preparing pretrial pleadings. ECF Doc. 118-1 (entries 1192, 1761, 1804). The time expended by the law clerk is unreasonable given that Mr. Sanford, Mr. Qualls, and a paralegal also worked on the same pretrial pleadings. *See Oden v. Shane Smith Enterprises*, No. 4:19-CV-00693-BRW, 2020 WL 8073626, at *2 (E.D. Ark. Dec. 16, 2020), *aff'd sub nom. Oden*, 27 F.4th 631 ("SLF certainly can engage in a 'collaborative approach' involving constant oversight by a senior lawyer, but it cannot expect (nor should it ask) Defendant to pay for the practice.").

## C. <u>The Court should reduce the lodestar based on Plaintiffs' limited success.</u>

Plaintiffs' limited success in this case—*i.e.,* "the most critical factor" when it comes to assessing reasonable fees—warrants further reduction of the lodestar.

---

[9] SLF is not entitled to any amount of time expended on Plaintiffs' failed EPA claims. *See Wright*, No. 4:20-CV-00454 KGB, 2021 WL 4255287, at *4; *Jones*, No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *4.

*Gumbhir,* 157 F.3d at 1146; *see also Hensley*, 461 U.S. at 436–37 (the district court may reduce the award to account for limited success). To determine the "success" of the litigation for purpose of calculating fees, the court compares "the relief sought versus relief obtained." *Phillips v. Weeks*, 586 F. Supp. 241, 243 (E.D. Ark. 1984).

Here, Plaintiffs were unsuccessful on their EPA claims. ECF Doc. 83. SLF achieved an FLSA liability award of $52,000.00 for Plaintiffs, but this was only 10% of the amount they initially sought ($517,874.95). *See* ECF Docs. 68 at 13, 107 at 15, and 114-1 at 9. While this technically may not be a nuisance settlement, "the relative smallness of the settlement warrants further reduction of the lodestar." *Clark*, No. 4:20-CV-01100-LPR, 2023 WL 2692425, at *9 (reducing fee award by additional 15% where the plaintiff received less than 15% of the relief he sought) (citations omitted); *see also Mitchell, et al.,* No. 4:19-CV-783-LPR, 2023 WL 2715027, at *13 (applying 75% reduction to the overall fee award in light of the plaintiffs' "extremely limited success"); *Jones,* No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *5 (reducing SLF's requested fees partly because the plaintiff's recovery was less than 10% of what was demanded in her post-trial brief).

**D. The Court should reduce the amount of costs awarded because private service fees are not recoverable.**

Plaintiffs' request for costs includes $50.00 for use of a private process server, which is not a recoverable expense. *See Carden.*, No. 3:19-CV-167-DPM, 2022 WL 4537871, at *2 (citing *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)); *Francis v. Gamdan Servs. LLC*, No. 4:22-CV-00094-BRW, 2022 WL

2990705, at *4 (E.D. Ark. July 28, 2022). Accordingly, Plaintiffs should not be awarded the full amount of costs requested.

### III. CONCLUSION

The Court should significantly reduce any award of fees and costs based on the unreasonable rates, hours, and total fees requested by SLF and the results obtained in the case.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: wjackson@wlj.com
        jkim@wlj.com
        dljones@wlj.com

By: William Stuart Jackson (92189)
    Jane A. Kim (2007160)
    Daveante Jones (2016163)

*Attorneys for Defendant*

2864512-v1