IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAVID SALMON, ANGELA LANDERS,**                                    **PLAINTIFFS**
**BILLY TATE and PAULA BYRUM,**
**Each Individually and on Behalf**
**of All Others Similarly Situated**


vs.                                         No. 4:19-cv-768-BSM


**XTO ENERGY, INC.**                                                **DEFENDANT**


<u>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**COSTS AND ATTORNEYS' FEES**</u>

**I. INTRODUCTION**

Defendant's Response to Plaintiffs' Motion for Costs and Attorneys' Fees (hereinafter "Response"), reads as though Defendant did not bother to review Plaintiffs' Motion for Costs and Attorneys' Fees (hereinafter "Motion for Fees") before drafting a response. Defendant makes inaccurate representations about the Motion for Fees, argues against non-existent issues and cites irrelevant case law. Defendant also downplays the amount of effort that this case required to litigate this case and Defendant's role in creating that effort through its various motions to dismiss, requests for summary judgment, decertification request and so on. What is clear from Defendant's Response is that Defendant's goal is to convince this Court to enter an award of fees based on emotion, not the lodestar analysis.

A.    <u>Plaintiffs' Hourly Rates Are Reasonable</u>

Defendant first argues that the hourly rates proposed by Plaintiffs are unreasonable. Defendant does not address Plaintiffs' argument that rates should

Page 1 of 14
David Salmon, et al. v. XTO Energy, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

increase over time or explain why higher rates should be rejected in favor of lower rates. Instead, Defendant simply picks the lowest rates it can possibly find and asks this Court to award those. This is not a basis for awarding a rate because "[p]rior awards are not direct evidence of market behavior; the court is not a legal souk." *Huffman v. Associated Mgmt.*, No. 4:20-cv-1296-BRW, 2021 U.S. Dist. LEXIS 136415, at *4 (E.D. Ark. July 22, 2021) (quoting *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000)).

If prior awards are a basis for awarding a particular rate, it is worth noting that Plaintiffs' counsel have repeatedly received higher rates than those requested by Defendant. *See Rodriguez v. George's, Inc.*, No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997, at *5 (W.D. Ark. Mar. 23, 2021) (awarding $300.00 per hour to Josh Sanford; $225.00 per hour to Vanessa Kinney); *Bryan v. Miss. Cty.*, No. 3:18-cv-130-DPM, 2020 U.S. Dist. LEXIS 86019, at *4-5 (E.D. Ark. May 12, 2020) (awarding $250.00 per hour to Josh Sanford; $200.00 per hour to Vanessa Kinney; $175.00 per hour to Tess Bradford); *Franklin v. Magnolia Flooring Mill, LLC*, No. 1:17-cv-01073, 2019 U.S. Dist. LEXIS 96565, at *10 (W.D. Ark. June 10, 2019) (awarding $275.00 per hour to Josh Sanford; $225.00 per hour to Vanessa Kinney; $175.00 per hour to Rebecca Matlock); *Aubrey v. Zamam, LLC*, No. 4:17CV00446 JLH, 2018 U.S. Dist. LEXIS 202207, at *3 (E.D. Ark. Nov. 29, 2018) (awarding $275.00 per hour to Josh Sanford; $225.00 per hour to Vanessa Kinney; $175.00 per hour to Tess Bradford); *Jones v. RK Enters. of Blytheville*, No. 3:13-CV-00252-BRW, 2016 U.S. Dist. LEXIS 36045, at *5-6 (E.D. Ark. Mar. 21, 2016) (awarding $275.00 per hour to Josh Sanford); *Burchell v. Green Cab Co.*, No. 5:15-CV-05076, 2016 U.S. Dist. LEXIS 29474, at *4–5 (W.D. Ark. Mar. 8, 2016) (awarding $290.00 per hour to Josh Sanford).

Page 2 of 14
David Salmon, et al. v. XTO Energy, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Notably, some of these rates were awarded as much as *seven* years ago. While Defendant does not attempt to explain why Plaintiffs' counsel should receive lower rates than these or the variation of hourly rate amounts, Plaintiffs' counsel have provided a thorough explanation of their qualifications to support their hourly rates requested and a basis for increasing those rates over time. Accordingly, this Court should award the hourly rates requested by Plaintiffs.

B.   <u>The Number of Hours Billed Is Reasonable</u>

   *1.  Amended Complaint and Motions to Dismiss*

Defendant's arguments that the time spent on the Amended Complaints and Motions to Dismiss are excessive do not withstand basic scrutiny. To begin with, Defendant insists to this Court that Plaintiffs should not receive any compensation for the First Amended and Substituted Complaint because this is the Complaint that added the unsuccessful Equal Pay Act (EPA) claims. Not only is this inaccurate—the EPA claims were asserted in the Second Amended and Substituted Complaint—but Plaintiffs made clear in their initial briefing that they made efforts to remove all EPA-related time, so *the adjustment for the EPA claim has already been made*.

After assessing the arguments and legal authority cited by Defendant, Plaintiffs made the reasonable decision to file their First Amended and Substituted Complaint rather than file a response to Defendant's first Motion to Dismiss, thus attempting to prevent unnecessary litigation costs. However, Defendant went forward with a second and third Motion to Dismiss (the second following the filing of the Second Amended and Substituted Complaint), on which it was not successful. Accordingly, the time put into this category of work is reasonable.

Page 3 of 14
David Salmon, et al. v. XTO Energy, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

In fact, Defendant has not identified the specific billing entries that it contends were not reasonable or appropriate, but rather makes the conclusory assertion that this time was simply not necessary. It is not enough to simply argue that the fees requested are too much. Rather, "[t]he party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018) (internal editing marks omitted).[1] "The Court should not reduce an award *sua sponte;* rather, it can only do so in response to specific objections made by the opposing party." *Rodriguez v. George's, Inc.,* No. 5:19-cv-5035, 2021 U.S. Dist. LEXIS 53997 (W.D. Ark. Mar. 23, 2021). "Once the opposing party has made a specific objection, the burden is on the prevailing party to justify the size of its request." *Id*. Defendant has raised no such specific objections.

   2. *Case Management and In House Communication*

Defendant's complaints about Plaintiff's "Case Management" time are unfounded. For all of Defendant's insistence that significant portions of this time were clerical or unreasonably spent, Defendant failed to identify any meaningful amounts of actual clerical billing. Of the six entries specifically identified by Defendant (Entry # 6, 101, 394, 412, 1158, 1429), one is for examination of Defendant's corporate disclosure

---

[1]    *See also Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) (noting that "the burden of producing a sufficiently cogent explanation can mostly be placed on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices"); *Dowsing v. Berryhill*, No. 2:14-cv-02675-cgc, 2019 U.S. Dist. LEXIS 2522, at *7 (W.D. Tenn. Jan. 7, 2019) ("[T]he Commissioner again does not detail which billing entries it contends are unreasonable, which is a basis for denying the objection thereto."); *Oglesby v. W. Stone & Metal Corp.*, No. cv-99-492-BR, 2001 U.S. Dist. LEXIS 14439, at *25 (D. Or. Sep. 10, 2001) ("The Court concludes Defendant could easily have identified the dates of the disputed entries and the gross amounts billed in blocks of time for such entry dates. Accordingly, the Court declines to deduct any amount for such entries because Defendant has not sufficiently identified the in-house conference or file review entries to which its critical comments are directed.").

Page 4 of 14
David Salmon, et al. v. XTO Energy, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

(Entry # 101), one is for reviewing a text order (Entry # 394) and one is for examination of an order (Entry # 1429). Obviously reviewing orders and filings by an opposing party are relevant billing, and Defendant's suggestion that Plaintiffs should not be billed for this time lacks any merit. Rejecting a defendant's request that "Case Management" time be deducted from billing, the Court in *Rodriguez v. George's, Inc.*, pointed out that the Defendant did not identify "a single instance of specific billing" but instead "relie[d] on language from a previous and unrelated case." No. 5:19-cv-5035, 2021 U.S. Dist. LEXIS 53997 (W.D. Ark. Mar. 23, 2021).  This is similar to Defendant's approach in this case—to simply cite as much negative case law as possible in the hopes of having reductions made by mere reference to reduced billing in unrelated cases.

With respect to "In House Communication" billing, Defendant asserts that Plaintiffs billed for 28.60 hours "between seven timekeepers." *See* Response, p. 12. This argument is either intentionally misleading or Defendant simply did not closely review Plaintiffs' initial Motion for Fees, because Plaintiffs made clear that the *only* attorneys who billed in this category of work were Attorneys Josh Sanford, Colby Qualls, and Tess Bradford,[2] and efforts were made to ensure that these attorneys did not bill for the same in-house conversation.

Further, 28.60 hours of In House Communication time is not inherently unreasonable. *See Rodriguez v. George's, Inc.*, No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997 (W.D. Ark., Mar. 23, 2021) (Magistrate, J.) (approving of 27.8 hours of in-house conference time after voluntary 77% reduction). Courts recognize that intra-firm

---

[2]       As pointed out in Plaintiffs' Motion for Fees, the involvement of Colby Qualls and Tess Bradford was consecutive—Colby Qualls began working on this case after Tess Bradford's departure from SLF, so the dates that they performed work on this case do not overlap. Accordingly, although Defendant is correct that this case was staffed with five attorneys, there was no overlap in dates worked between Attorneys Qualls and Bradford.

Page 5 of 14
David Salmon, et al. v. XTO Energy, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

communications can constitute necessary and compensable work. *See Id.* p. 9 ("Simply disallowing all time spent by lawyers within a firm discussing one of its cases is not reasonable."); *Sheffield v. Stewart Builders, Inc.*, No. H-19-1030, 2021 U.S. Dist. LEXIS 48116, at *16 (S.D. Tex. Mar. 10, 2021).

More importantly, of the 28.60 hours of "In House Communication," Defendant only raises a specific complaint about 4.40 hours billed by Colby Qualls, although Defendant does not identify these specifically. Accordingly, even if this Court were to reduce the In House Communication category, the deduction should only be for these 4.40 hours.

Defendant next merely references the number of hours billed by Attorney Sanford (27.5) and declares that these hours are unnecessary management. However, if this time were truly unnecessary, Defendant should have been able to identify repeated instances of unnecessary billing, but Defendant failed to do so. "The party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018) (internal editing marks omitted).[3] Courts can only reduce fee awards "in response to specific objections made by the opposing party." *Rodriguez*, 2021 U.S. Dist. LEXIS

---

[3]    *See also Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) (noting that "the burden of producing a sufficiently cogent explanation can mostly be placed on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices"); *Dowsing v. Berryhill*, No. 2:14-cv-02675-cgc, 2019 U.S. Dist. LEXIS 2522, at *7 (W.D. Tenn. Jan. 7, 2019) ("[T]he Commissioner again does not detail which billing entries it contends are unreasonable, which is a basis for denying the objection thereto."); *Oglesby v. W. Stone & Metal Corp.*, No. cv-99-492-BR, 2001 U.S. Dist. LEXIS 14439, at *25 (D. Or. Sep. 10, 2001) ("The Court concludes Defendant could easily have identified the dates of the disputed entries and the gross amounts billed in blocks of time for such entry dates. Accordingly, the Court declines to deduct any amount for such entries because Defendant has not sufficiently identified the in-house conference or file review entries to which its critical comments are directed.").

**Page 6 of 14**
**David Salmon, et al. v. XTO Energy, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**

53997. "Once the opposing party has made a specific objection, the burden is on the prevailing party to justify the size of its request." *Id*. Defendants have raised no such specific objections. Instead of specifically identifying unnecessary billing, Defendant requests a "global" reduction, and reference case law making a 25%. However, a 25% global reduction would be unwarranted based on the arguments made by Defendant.

   3.   *Client Communication*

With respect to Defendant's complaint regarding redacted billing entries for the "Client Communication" category of work, Plaintiffs are willing to produce unredacted versions of such entries for *in camera* review by this Court if the Court deems it necessary to make an award. However, 36.30 hours of client communication time is facially reasonable for a case lasting over three years and including discovery and multiple motions filed by Defendant necessitating Plaintiff declarations in response.

   4.   *Complaint/Summons/Service*

Defendant next complains that 4.2 hours for the "Complaint/Summons/Service" category of work is too much because some courts have said it is too much. But other courts disagree and have found this to be an appropriate amount of time for this category of work. *See, e.g.*, *Sheffield*, 2021 U.S. Dist. LEXIS 48116, at *16 (finding that 4.6 hours on a complaint was reasonable because "in addition to drafting or editing the pleading, [SLF] had to ensure the accuracy of the pleading prior to filing, research to ensure the proper defendant was named, and examine pay stubs to ensure the claims were suitable for litigation."). However, of the 4.2 hours billed in this category of work, .6 was billed by Attorney Sanford and the remaining 3.6 was billed by Attorney Bradford.

Page 7 of 14
David Salmon, et al. v. XTO Energy, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Therefore, deducting the .6 billed by Attorney Josh Sanford brings the total billing in this category down.

     *5. Conditional Certification, Decertification and Fee Petition*

     Defendant next asserts that Plaintiffs should not be compensated for their initial Motion for Conditional Certification because it was denied, but then concedes that the Renewed Motion for Conditional Certification was built on the initial Motion. Because the work that went into the initial Motion was used to create the Renewed Motion, *Sheffield*, 2021 U.S. Dist. LEXIS 48116, at *16–17 ("the work on the first motion was not pointless because much of the work on the first motion for conditional certification was used for the second motion, which was successful"). However, it was still necessary to edit and update the Renewed Motion and all of its exhibits, but use of the initial Motion as a guide permitted Plaintiffs to expend less time on the Renewed Motion.

     Defendant also contends that Plaintiffs spent too much time on the Response to Defendant's Motion for Decertification, "especially considering there were only three Opt-In Plaintiffs"). However, Plaintiffs were required to defend against Defendant's effort to decertify the collective. "Considering there were only three Opt-In Plaintiffs," then perhaps it was not a judicious use of time for Defendant to attempt to decertify the collective. It is Defendant's prerogative to defend this case aggressively, but Courts take this into consideration when awarding fees. *Morales v. Farmland Foods, Inc.*, 2013 U.S. Dist. LEXIS 56501, *21–23 (D. Neb. 4/18/2013), 2013 U.S. Dist. LEXIS 56501, *23–25 (D. Neb. Apr. 18, 2013) ("[A] reasonable attorney fee award must take into account whether the defendant mounted an aggressive defense.") (collecting cases); *Lopez-Easterling v. Charter Communs. LLC*, No. 2:14-cv-1493-RDP, 2017 U.S. Dist. LEXIS

Page 8 of 14
David Salmon, et al. v. XTO Energy, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

206490, at *11 (N.D. Ala. Dec. 15, 2017) ("But considering Defendant's 'contest everything' approach in this litigation, Plaintiff's counsel cannot be faulted for carefully supporting the fee petition with evidentiary support. 'It takes two to tango, and tango [Charter] did.'" (editing marks in original)).

With respect to "Fee Petition" billing, relying on *Dean v. Bradford Estates, LLC*, No. 4:19-cv-0748-BSM, 2020 U.S. Dist. LEXIS 219869 (E.D. Ark. Nov. 24, 2020), Defendant argues that "a significant part of the [fee petition] brief is an exercise in justifying SLF's past billing practices." This is untrue—Plaintiffs' fee briefing involves explanations of the work required for *this* case and the deductions made present a quality fee petition in *this* case. The fee petition in *Dean* was a very different document with substantial portions devoted to addressing the ruling in *Vines v. Welspun Pipes*, No. 4:18-cv-509-BRW, 2020 U.S. Dist. LEXIS 100721 (E.D. Ark. June 9, 2020) (reversed and remanded by *Vines v. Welspun Pipes Inc.*, 9 F.4th 849 (8th Cir. 2021)). Defendant's comparison demonstrates that Defendant's goal is not to actually analyze the fee petition, but to draw comparisons to other, irrelevant fee petitions.

Further, the amount billed to the "Fee Petition" category of work is reasonable. *See Rodriguez*, 2021 U.S. Dist. LEXIS 53997, at *11 (finding 12.2 hours expended on a fee petition to be reasonable). Reviewing a billing spreadsheet for privileged information or case relevancy categorically requires attorney knowledge. However, in the interest of exercising billing judgment, SLF cut its time spent on the fee petition by 26.17%.

### 6. *Discovery Related*

Once again, without identifying a single inappropriate billing entry, Defendant simply declares that the time spent on discovery-related matters is just too much and

**Page 9 of 14**
**David Salmon, et al. v. XTO Energy, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**

complains that discovery responses were similar among Plaintiffs. However, discovery takes time, and each Plaintiff's answers to discovery requests receive appropriate individual attention and documents produced are reviewed in preparation for production. These activities take time, and Defendant offers no evidence other than its own unsupported and biased opinion that the amount of time expended by Plaintiffs is too much. Defendant makes no argument that the time spent on discovery-related activities other than Plaintiff's responses to Defendant's discovery requests is excessive.

### 7. *Summary Judgment*

Again, without identifying a single inappropriate billing entry, Defendant argues that the time spent on summary judgment is too much. However, the time spent by Plaintiffs responding to summary judgment motions that Defendant chose to file was reasonable and necessary. Plaintiffs should be fully compensated for their time spent successfully defending against Defendant's efforts to have this case disposed of on summary judgment.

### 8. *Trial Preparation*

Defendant's argument that it is inappropriate for an attorney to oversee the work of a paralegal and law clerk is without merit. While Defendant attempts to cast this as excessive oversight by a "senior" attorney, Attorney Josh Sanford billed a mere 1.2 hours to the "Trial Preparation" category of work, some of which involved reviewing Defendant's filings. This is not excessive, nor is it "constant oversight" as suggested by Defendant.

**Page 10 of 14**
**David Salmon, et al. v. XTO Energy, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**

C.    <u>The Court should not reduce the lodestar based on "limited success."</u>

Defendant's argument that Plaintiff's fee request should be reduced based on "limited success" is without merit. To begin with, as previously noted, Plaintiffs have already made efforts to remove EPA-related time from the fee request. Further, the amount recovered for Plaintiffs was substantial. Defendant's efforts to minimize this figure by comparing it to Plaintiff's proposed total possible damages in this case as stated in their Proposed Findings of Fact and Conclusions of Law (ECF No. 107) does not justify the downward deviation requested by Defendant.

To begin with, courts have rejected a rule of proportionality in awarding fees in FLSA cases. As set forth in Plaintiff's initial briefing, "courts often award attorneys' fees that far exceed the plaintiffs' recovery in FLSA cases," and reject the use of proportionality as a basis for reducing fee awards. *See Morales v. Farmland Foods, Inc.*, 2013 U.S. Dist. LEXIS 56501, *21–23 (D. Neb. 4/18/2013) (string citing cases); *See also Wright v. Tyler Techs.*, No. 4:20-cv-454-KGB, 2021 U.S. Dist. LEXIS 177028, *14 (E.D. Ark. Sep. 17, 2021) ("However, this Court rejects a 'rule of proportionality' in wage-and-hour cases because tying the attorneys' fees to the amount awarded would make it difficult, if not impossible, for individuals with meritorious wage-and-hour claims but relatively small potential damages to attract effective legal representation.").

Further, Plaintiffs were successful in achieving settlement on their FLSA claims, and the settlement value was meaningful. Under these circumstances, deductions to fees based on comparison Plaintiffs' proposed damages is inappropriate. *See Ginnaven v. Ala. Ark. Wildlife, LLC*, No. 5:15-cv-140-JLH, 2015 U.S. Dist. LEXIS 150355, at *11 (E.D. Ark. Nov. 5, 2015) (rejecting the defendant's argument that fees should be

**Page 11 of 14**
**David Salmon, et al. v. XTO Energy, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**

reduced "because the plaintiff has achieved only partial or limited success" because "the degree of success should be measured not by the early settlement offer made by the plaintiffs but by whether the plaintiffs obtained complete success on all of their claims, which they did: the plaintiffs obtained a complete recovery on all of their claims").

In rejecting the employer's request for a deduction based on "the plaintiffs' alleged lack of success," the court in *Morales v. Farmland Foods, Inc*., pointed out that the Court had "already determined that the settlement was fair and reasonable," and that while the settlement amount represented a small percentage of the plaintiffs' initial estimate of damages, "the settlement amount represents a significant increase from the amount (zero) of damages that the defendant contended was due and owing to the plaintiffs." No. 8:08-cv-504, 2013 U.S. Dist. LEXIS 56501, at *33–34. (D. Neb. Apr. 18, 2013). "A court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if "the plaintiff failed to prevail on every contention." *Fox v. Vice*, 563 U.S. 826, 834, 131 S. Ct. 2205 (2011)

Here had Plaintiffs not successfully navigated Defendant's numerous motions, their recovery would have been zero. But Plaintiffs' efforts to diligently litigate this case results in substantial settlement in their favor. Accordingly, this Court should reject Defendant's arguments regarding reductions based on "limited success."

D.    The service costs requested by Plaintiffs are recoverable.

Defendants claim that the $50.00 Plaintiff spent on serving process is unavailable because SLF used a private process server. Although 28 U.S.C. § 1920 states which costs are recoverable and does not include process server costs, the statutory

Page 12 of 14
David Salmon, et al. v. XTO Energy, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

authorization for an award of costs under the FLSA simply states that the employee is entitled to "costs of the action." 29 U.S.C.S. § 216(b). This has been repeatedly found to include private server costs.

Private process server costs have been awarded in the following cases[4]: *Wolfe*, No. 4:20-cv-156-LPR, Doc. No. 40, p. 1; *Hill-Smith v. Silver Dollar Cabaret, Inc.*, No. 5:20-cv-5051-TLB, Doc. No. 16 (W.D. Ark., Aug. 14, 2020); *Vines v. Welspun Pipes, Inc.*, No. 4:18-cv-509-BRW, Doc. No. 95 (E.D. Ark., June 9, 2020); *Bryan v. Miss. Cnty., Arkansas*, No. 3:18-cv-130-DPM, Doc. No. 68 (E.D. Ark., May 12, 2020); *Olsen v. Clay Cnty., Arkansas*, No. 3:18-cv-129-BSM, Doc. No. 28 (E.D. Ark., Apr. 20, 2020); *O'Quinn v. Country Inn, Inc*., No. 6:18-cv-6025-RTD, Doc. No. 53 (W.D. Ark., Sept. 24, 2019); *Cook v. Beemac Foods, LLC*, No. 1:18-cv-2155-PKH, Doc. No. 24 (W.D. Ark., June 10, 2019); *Franklin v. Magnolia Flooring Mill, LLC*, No. 1:17-cv-1073-SOH, Doc. No. 61 (W.D. Ark., June 10, 2019); *Marshall v. MWF Construction, LLC*, No. 4:18-cv-254-BSM, Doc. No. 29 (E.D. Ark., May 31, 2019); *Coates v. Dassault Falcon Jet Corp*., No. 4:17-cv-372-JLH, Doc. No. 170 (E.D. Ark., May 8, 2019); *Aubrey v. Zamam, LLC*, No. 4:17-cv-446-JLH, Doc. No. 58 (E.D. Ark., Nov. 29, 2018); *Miller v. Centerfold Entertainment Club, Inc.*, No. 6:14-cv-6074-PKH, Doc. No. 79 (W.D. Ark., Sept. 11, 2017); *Jones v. RK Enterprises of Blythville, Inc.*, No. 3:13-cv-252-BRW, Doc No. 73 (E.D. Ark., Mar. 21, 2016). Notably, while the Court in *Thomas v. Viskase Companies, Inc.*, held that postage and private service fees typically were not recoverable as "costs" under 28 U.S.C. § 1920, the Court added those costs to the fee award because "paying clients

---

[4]        This list is not exhaustive.

**Page 13 of 14**
**David Salmon, et al. v. XTO Energy, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**

are routinely billed" for such items. No. 3:19-cv-330-DPM, Doc. No. 115, p. 3 (E.D. Ark., Filed May 10, 2022).

Accordingly, this Court should award costs as requested by Plaintiffs.

E.    Conclusion

Defendant's purported justifications for reducing the lodestar amount are insufficient. This Court should grant Plaintiffs' Motion for Costs and Attorneys' Fees in its entirety. However, should this Court decide that some cuts are needed, a 25% across-the-board cut is excessive. It is further excessive to make such a broad cut after reducing for specific items. "When reducing fees, courts may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it may not do both. *Poblano v. Russell Cellular, Inc.*, No. 8:19-cv-265-KKM-AAS, 2022 U.S. Dist. LEXIS 16848, at *6 (M.D. Fla. Jan. 26, 2022) (internal quotation marks omitted).

Respectfully submitted,

**DAVID SALMON, ANGELA LANDERS BILLY TATE, and PAULA BYRUM Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Page 14 of 14
David Salmon, et al. v. XTO Energy, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-768-BSM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees