IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAVID SALMON, ANGELA LANDERS,**  **PLAINTIFFS**
**BILLY TATE, AND PAULA BYRUM,**
*each individually and on behalf of*
*all others similarly situated*

v.                   CASE NO. 4:19-CV-00768-BSM

**XTO ENERGY INC.**                        **DEFENDANT**

## ORDER

Plaintiffs' motion for costs and attorney's fees [Doc. No. 118] is granted in part. For the reasons set forth below, plaintiffs are entitled to $41,062.50 in fees and $732.06 in costs from XTO Energy.

### I. BACKGROUND

David Salmon, Angela Landers, Billy Tate, and Paula Byrum sued XTO under the Fair Labor Standards Act, 29 U.S.C. section 201, et seq. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. section 11-4-201, et seq. ("AMWA"), for unpaid overtime compensation. 2d. Am. Compl., Doc. No. 21. After a class was conditionally certified [Doc. No. 76], three opt-in plaintiffs filed timely consent to join forms. The parties settled, and plaintiffs were awarded a total of $52,000. Doc No. 114. The settlement was approved [Doc. No. 116], but the parties were unable to reach an agreement on attorney's fees. Plaintiffs now seek fees and costs.

### II. LEGAL STANDARD

An employer who has violated either FLSA or AMWA shall be held liable for costs

and reasonable attorney's fees incurred by a plaintiff or plaintiffs. 29 U.S.C. § 216(b); Ark. Code Ann. § 11-4-218(a)(1)(B)(ii).  The key metric for determining a reasonable attorney's fee in FLSA and AMWA cases is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010).  The lodestar, however, is just a starting point for awarding attorney's fees; the fee award may be adjusted upward or downward based on the results obtained. *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F. 3d 744, 754 (8th Cir. 2003).

Under fee-shifting statutes like FLSA and AMWA, the attorney's fees awarded should be comparable to the fees that lawyers would traditionally collect from a fee-paying client. *Hill-Smith v. Silver Dollar Cabaret, Inc.*, No. 5:20-CV-5051, 2020 WL 4741917 at *2 (W.D. Ark. Aug. 14, 2020).  Lawyers for a prevailing party should make a good faith effort to exclude from their fee motion any hours that are excessive, redundant, or unnecessary. *Id*. When conducting the lodestar calculation, a district court maintains substantial discretion in deciding the number of hours to be awarded to the prevailing party's lawyers. *See Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 576 (8th Cir. 2014) (reviewing the district court's decision to classify hours as excessive for abuse of discretion and giving significant deference to the court's insight into the issues implicated by the case and how the lawyers handled those issues).  A district court "has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar." *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021).  To determine a reasonable rate, the court examines "the prevailing rate for similar legal services performed by lawyers of comparable skill,

experience, and reputation" in the community in which the case is situated. *Dean v. Bradford Ests., LLC*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020).

### III. DISCUSSION

The Sanford Law Firm's ("SLF") request of $63,015 in attorney's fees is unreasonable, and it is therefore awarded $41,062.50. Its request of $732.06 in costs is reasonable and is therefore granted.

A.  Requested Hourly Rates

SLF requests the following hourly rates for its lawyers and staff: $383 an hour for Josh Sanford, $300 an hour for Vanessa Kinney, $250 an hour for Rebecca Matlock, $175 an hour for Tess Bradford, $150 an hour for Colby Qualls, $100 an hour for the paralegal, and $75 an hour for the law clerk.  Although I have previously ordered high hourly rates, it appears that my awards are the outliers in the Eastern District of Arkansas.  Based on my knowledge and research of the local market, and consistent with the rates recently awarded in wage and hour cases in this district, I find that reasonable hourly rates are $250 for Sanford, $200 for Kinney, $175 for Matlock, $175 for Bradford, $125 for Qualls, $100 for the paralegal, and $25 for the law clerk. *See, e.g, Clark v. Pollo, LLC*, No. 4:20-CV-01100-LPR, 2023 WL 2692425, at *3 (E.D. Ark. Mar. 29, 2023) (awarding $250 for Sanford, $175 for Kinney, $150 for Matlock, $140 for Bradford, $125 for Qualls, $100 for the paralegal, and $25 for the law clerk); *Beasley v. Macuils Tire & Serv. Ctr., LLC*, No. 4:19-CV-00471-JM, 2021 WL 11962570, at *3 (E.D. Ark. Sept. 17, 2021) (awarding $250 for Sanford, $175 for Kinney, $125 for Matlock, $100 for Bradford, and $25 for the law

clerk); *Dean*, 2020 WL 8642227, at *2 (awarding $325 for Sanford, $150 for Matlock, $125 for Bradford, and $25 for staff); and *Bryan v. Mississippi Cnty., Arkansas*, No. 3:18-CV-130-DPM, 2020 WL 9048650, at *2 (E.D. Ark. May 12, 2020) (awarding $250 for Sanford. $200 for Kinney, $175 for Bradford, and $25 for the law clerk).

    B.    <u>Hours Billed</u>

SLF claims that its lawyers and staff spent 484.6 hours litigating this case but only billed for 309.1 hours of that time. Br. Mot. Att'y Fees at 8–9.  But even with this reduction, the number of billable hours claimed is excessive.  SLF will be credited with a total of 266.1 billable hours.

*1. In-House Communication*

SLF requests 28.6 hours for in-house communication. This request is too high. Many of the time entries in this category are vague or duplicative. For example, Qualls billed for entries such as "Conference with law clerk via electronic communication" and "Conference with Marley." Mot. Att'y Fees Ex. 1, Doc. No. 118-1 at 15. Even where the entries are clear, the number of hours billed for intraoffice communication is excessive. "SLF may consider it prudent to tightly manage its associates, but defendants will not be forced to bear the costs of that approach." *Dean*, 2020 WL 8642227, at *2. Accordingly, Qualls's hours will be reduced by 4.4, Bradford's by 2.4, and Sanford's by 1.

*2. Case Management*

SLF billed 6.9 hours for work related to case management. Sanford billed for examining unidentified text orders and reviewing unspecified ECF notifications. These time

entries "are either too vague or unmerited to approve." *See Dean*, 2020 WL 8642227, at *4. Sanford's hours in this category will be reduced by 2.

### 3. Complaint and Motions to Dismiss

SLF requests a total of 16.6 hours for working on the complaint, amended complaint, and responding to XTO's motions to dismiss. The hours billed for work on the complaint and amended complaint are reasonable, but the time spent responding to the motions to dismiss is excessive. Matlock's hours will be reduced by 1, Bradford's hours by 0.6, and Sanford's by 0.2. In addition, Sanford's 0.3 hours for examining documents in this category will not be approved.

### 4. Conditional Certification and Decertification

For its work on conditional certification and decertification, SLF requests a total of 45.6 hours—21.3 for plaintiffs' first and second motions for conditional certification, and 24.3 for the response to XTO's decertification motion. The bulk of the time spent on conditional certification is reasonable, although some of the entries are unnecessary or duplicative. Bradford's hours in this category will be reduced by 1.2, Sanford's by 0.6, Qualls's by 0.5, and the paralegal's by 0.2. The time spent on the decertification response is excessive considering SLF's experience litigating wage and hour cases. Accordingly, Kinney's hours will be reduced by 5 and Qualls's by 1.

### 5. Discovery

SLF billed 37.3 hours for discovery-related work. XTO argues that this amount is excessive because each named plaintiff's discovery responses used much the same language

as that used by SLF in other cases, and the plaintiffs produced fewer than 150 documents in discovery. By and large, the hours spent on discovery are reasonable, although the hours billed by the paralegal for editing, revising, and finalizing discovery documents will be reduced by 5.2.

### 6. Summary Judgment

For its work responding to XTO's motion for summary judgment, SLF requests 46.2 hours. Given SLF's experience litigating wage and hour cases and Kinney's experience writing briefs in these cases, this request is too high. Accordingly, Kinney's hours will be reduced by 10.

### 7. Trial Preparation

SLF requests 32.4 hours for trial preparation. Some of these entries appear duplicative or excessive. For example, on a single day Qualls twice billed 1.6 hours for drafting a reply brief. Mot. Att'y Fees Ex. 1, Doc. No. 118-1 at 16. One of those entries will be removed. The hours billed for plaintiffs' pretrial disclosures are not reasonable. The law clerk billed 3.0 hours for drafting the pretrial disclosure sheet, Qualls billed 2.3 hours for revising it, and Sanford billed 0.3 hours for revising it and 0.1 hours for examining it after it was filed. *Id*. The hours will be reduced by half—1.5 for the law clerk, 1.2 for Qualls, and 0.2 for Sanford. Also in this category, 0.3 hours Sanford billed for examination of filings and internal memoranda will not be approved.

### 8. Fee Petition

SLF billed 7.9 hours for preparing the fee petition and its accompanying brief.

6

Kinney billed 0.3 hours for downloading and formatting the billing spreadsheet and another 2.3 hours for categorizing billing entries. Such work could have been done by staff, so those hours will not be credited.

*9. Total Fees*

The total attorney's fees awarded are as follows:

| | | | | | |
|---|---|---|---|---|---|
| Josh Sanford | $250/hr | x | 22.9 hrs | = | $5,725.00 |
| Vanessa Kinney | $200/hr | x | 52.0 hrs | = | $10,400.00 |
| Rebecca Matlock | $175/hr | x | 12.6 hrs | = | $2,205.00 |
| Tess Bradford | $175/hr | x | 36.6 hrs | = | $6,405.00 |
| Colby Qualls | $125/hr | x | 100.7 hrs | = | $12,587.50 |
| Paralegal | $100/hr | x | 36.1 hrs | = | $3,610.00 |
| Law Clerk | $25/hr | x | 5.2 hrs | = | $130.00 |
| | | Total | 266.1 hrs | | $41,062.50 |

C.   Costs Incurred

The costs SLF incurred in prosecuting this case are all reasonable, so its request for $732.06 in costs is approved.

IV. CONCLUSION

For the foregoing reasons, plaintiffs' lawyers are awarded $41,062.50 in attorney's fees and $732.06 in costs, payable by XTO.

IT IS SO ORDERED this 13th day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE